## REYNOLDS ET AL. *v.* SPENCER.

MORTGAGE.—*Description of Premises.— Promissory Note.— Who may Object to Uncertainty.*—In an action against A., B. and C., on a promissory note executed by A. and B. to the plaintiff, and to foreclose a mortgage on real estate executed by B. and C. to the plaintiff, to secure the payment of such note, the complaint and mortgage described the mortgaged premises by metes and bounds in a certain section, etc., and as being " otherwise described as Lot No. 6 in said section."

*Held,* on demurrer by A., that, even if the description were void, he can not object thereto, but that the description is sufficiently certain against B. and C.

From the White Circuit Court.

*A. W. Reynolds* and *E. B. Sellers,* for appellants.

*C. H. Test, J. Coburn* and *E. E. Bassett,* for appellee.

HOWK, J.—This was a suit by the appellee, to foreclose a mortgage, and to collect the note secured thereby. The note was executed by Daniel D. Dale and the appellant Reynolds, to the order of the appellee; and the mortgage was executed to the appellee by said Dale and his wife, on certain real estate in White county, Indiana. The appellant Reynolds, and said Dale and his wife, jointly demurred to the appellee's complaint, for the alleged insufficiency of the facts therein to constitute a cause of action, which de-

murrer was overruled by the court, and to this ruling the defendants jointly excepted.

The appellant Reynolds and his codefendants, Dale and his wife, then jointly answered in three paragraphs, of which the first was a general denial, and the second and third paragraphs set up affirmative matters by way of defence. The appellee replied in two paragraphs, putting the cause at issue. The cause was tried by the court, and a finding was made for the appellee, for the full amount due on the note, and for the foreclosure of the mortgage in suit.

The joint motions of the defendants for a new trial and in arrest of judgment having been severally overruled, and their exceptions entered to these decisions, judgment was rendered by the court on its finding, from which judgment the appellant Reynolds alone has appealed to this court.

He has here assigned, as errors, the several decisions of the court below, in overruling the demurrer to appellee's complaint, and the motions for a new trial and in arrest of judgment.

The only point made by the appellants' counsel in their argument of this case in this court is, that the mortgage in suit was void on its face, for uncertainty in the description · of the mortgaged premises. If this position of counsel were well taken, we fail to see in what manner the appellant would or could be benefited thereby. He was not a party to the mortgage and was not sued thereon. He was sued· on the note, which he executed; and if it were conceded that the mortgage was void for uncertainty in the description of the mortgaged premises, it would not follow, by any means, that the note in suit was also void. There was neither vagueness nor uncertainty in the terms of the note; it provided for the payment to the appellee of a sum certain, at a certain time, and these are the essential requisites of a valid, legal and binding promissory note.

We do not think, however, that there was any such uncertainty in the description of the mortgaged premises as would vitiate or avoid the mortgage in suit, even as against the Dales, the mortgagors. The premises are described by metes and bounds, in a certain quarter of a certain section, in White county, Indiana, "otherwise described as Lot No. 6 in said section." It seems to us, that the description is sufficiently certain and specific, and, if it is defective in any particular, the defect is not apparent.

We find no error in the record.

The judgment is affirmed, at the appellants' costs.